Case 4:20-cv-01824   Document 38   Filed on 08/21/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Christopher Eustice, § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action H-20-1824 |
| § | |
| Experian Information § | |
| Solutions, Inc., § | |
|    Defendant. § | |

# Report and Recommendation

Christopher Eustice, pro se, sued Experian Information Solutions, Inc., (Experian) in state court under the Fair Credit Reporting Act, the Texas Business and Commerce Code, and Texas common law. (D.E. 1-1.) He claims that Experian reported inaccurate credit information and failed to remove inaccurate information from his credit report. (D.E. 1-1; D.E. 6.) Because Eustice has failed to prosecute this action and to comply with the court's orders, the court recommends that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

## 1. Background

This case is one of numerous suits that Eustice has filed in state and federal courts against, among others, credit card companies, potential employers, and educational institutions. *Eustice v. Citibank, N.A.*, H-21-1414, D.E. 8 at *2 (S.D. Tex. May 26, 2021) ("In six years, Eustice has pursued more than 20 lawsuits in state and federal courts. Many of these cases have been adjudicated against him."); *Eustice v. JPMorgan Chase & Co.*, H-19-1489, 2020 WL 5541084, at *1 (S.D. Tex. Aug. 10, 2020) (listing multiple cases filed by Eustice in this district during the prior five years and the status of each). This time Eustice's target is Experian.

After removing the case to federal court, Experian filed a motion to dismiss. (D.E. 4.) Eustice filed an amended complaint in lieu of a response to the motion and filed a motion suggesting that the amended complaint mooted Experian's motion to dismiss. (D.E. 6; D.E. 7.) At a hearing on August 25, 2020, the court denied Experian's motion to dismiss with consent of the parties. (D.E. 10.)

Soon thereafter, Eustice began resisting discovery. At the August 2020 hearing, the court ordered Eustice to produce information and documents about the disputed credit report inquiries and ordered Experian to explain what led to its reporting of each disputed inquiry. (D.E. 10.) At a hearing on November 10, 2020, the parties reported partial compliance with the court's order. The court extended the deadline for the parties to fully comply and set a status conference on December 7, 2020. (D.E. 12.) A joint status report filed on December 4, 2020, affirmed Experian's production of all non-privileged documents and included Eustice's request for extra time to comply. (D.E. 13.)

Eustice did not appear and was unreachable by phone for a hearing set on December 7, 2020. (D.E. 14.) At the rescheduled hearing, the court ordered Experian to perform a search for information found on all communications between Experian employees and Eustice and to produce the findings. (D.E. 15.) The court ordered Eustice to "comply with all previous court orders." *Id.* The court set February 26, 2021, as the deadline for Eustice's deposition and the close of discovery. *Id.*

As of February 8, 2021, Eustice had not produced the discovery ordered by the court on August 25, November 10, and December 9, 2020. (D.E. 22.) On February 11, 2021, the court ordered Plaintiff to comply with all orders of production by February 15, 2021. (D.E. 24.) The court also ordered Plaintiff to provide opposing counsel and the court with a document signed under penalty of perjury that stated whether he had complied with each of the court's order, how he had complied, and if he had not complied, why not. *Id.*

2

On February 16, 2021, two days before Eustice's deposition was to be held, Experian notified the court that Eustice had not complied with the court's orders. (D.E. 25.) Experian postponed Eustice's deposition. (D.E. 26.)

Experian finally managed to take Eustice's deposition and thereafter filed a motion for summary judgment. (D.E. 27 at 1; D.E. 31.) Eustice's response was due June 18, 2021. (D.E. 31.) He did not respond. On August 2, 2021, the court ordered Eustice to file a response to the motion for summary judgment by August 13, 2021. (D.E. 36.) The court warned Eustice that failure to respond would result in dismissal for want of prosecution without further notice. *Id.* Eustice did not respond.

### 2. Analysis

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### A. *Clear record of delay*

Eustice did not file a timely response to the summary judgment motion despite being given a six-week extension to do so. This, in conjunction with Eustice's resistance to discovery, establishes a clear record of delay cause by Eustice's own failure to prosecute this action.

### B. *Futility of Lesser Sanctions*

The court sua sponte extended Eustice's deadline to respond to the court's discovery orders and to Experian's motion for summary judgment. Eustice has not contacted the court to ask for additional time. The court notes that Eustice has extensive experience litigating in federal court and knows how to contact the court. The court clearly stated in its August 2, 2021 Order that the consequence of Eustice's failure to comply with the court-imposed deadline to respond to the motion for summary judgment would be the dismissal of the case. (D.E. 36.) The court finds that other forms of sanctions would be futile. For example, the court is not convinced that monetary sanctions would have any effect, considering Eustice's pro se status.

### C. *Aggravating Factors*

Eustice's actions also establish aggravating factors. Because Eustice is a pro se litigant, the delay is his fault alone. Eustice's failure to comply with the court's discovery orders and failure to respond to the motion for summary judgment has prejudiced Experian by multiplying its litigation burden. Eustice's failure to prosecute this action cannot be characterized as anything but intentional.

### 3. Conclusion

Given the clear record of delay, the proven futility of other sanctions, and the aggravating factors, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b).

The court recommends that this lawsuit be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 21, 2021.

_____
Peter Bray
United States Magistrate Judge